## Caldwell Estate

*Robertson & Turner,* for appellant.
*Elgin E. Weest,* for Commonwealth.

VAN RODEN, P. J., March 1, 1951.—This is an appeal from an inheritance tax appraisement. The complaint of appellant is that the register of wills failed and refused to allow a credit in the sum of $528.65, representing five percent of the amount of tax assessed on the remainder interest, which credit appellant claims to be entitled to by virtue of prompt payment of the tax within three months *after the date of death of the life tenant.*

The undisputed facts disclose that May D. Caldwell died October 26, 1943. By her will she created a trust for the benefit of her son, Robert D. Caldwell, for life, and provided, inter alia, that in default of issue of Robert D. Caldwell all remainder should go to Princeton University of the State of New Jersey. Robert D. Caldwell died April 9, 1950, without issue, whereupon Princeton University became entitled to the remainder interest. The collateral inheritance tax on the remainder interest was paid within three months after April 9, 1950.

Thus, the question presently before the court is whether the discount provided by section 38 of the Act of June 20, 1919, P. L. 521, as amended May 27, 1943, P. L. 757, sec. 5, 72 PS §2442 is applicable to a case where the tax on a remainder interest is paid within three months after the date of death of the life tenant, but not within three months of the date of death of testatrix.

The statute reads as follows:

"If the tax is paid within three months after the death of the decedent, a discount of five percentum shall be allowed. If the tax is not paid at the end of one year from the death of the decedent, interest shall be charged at the rate of six per centum per annum on such tax. Where any real or personal estate subject to such tax is withheld by reason of litigation or other unavoidable cause of delay, from the parties entitled thereto, and such real or personal estate has not been productive to the extent of six per centum per annum, the proper parties shall not pay a greater amount as interest to the Commonwealth than they have realized or shall realize from such estate during the time the same has been or shall be withheld as aforesaid."

Section 3 of the Act of 1919, as amended, 72 PS §2304 provides:

"Where there is a transfer of property by a devise, descent, bequest, gift, or grant, liable to the tax hereinbefore imposed, which devise, descent, bequest, gift, or grant is to take effect in possession or to come into actual enjoyment after the expiration of any one or more life-estates or a period of years, the tax on such estate shall not be payable, nor shall interest begin to run thereon, until the person liable for the same shall come into actual possession of such estate by the termination of the estates for life or years. . . ."

Appellant contends that since the tax on the remainder interest was not due until the date of death

of the life tenant, and that since the obvious purpose of the discount is to induce prompt payment of the tax then payment within three months after the tax becomes due should entitle the taxpayer to the discount.

Although such contention appears to be both logical and reasonable, it does not take into consideration the exact wording of the statute which specifies that the discount shall be allowed "if the tax is paid within three months after the death of the *decedent*. (Italics supplied.) A reading of the Act of 1919 discloses clearly that the legislature intended the term "decedent" to apply to the "person dying seised or possessed of the property": Act of 1919, sec. 1, 72 PS §2301. The only person in the instant case who could fit such description was testatrix. Accordingly, we are bound to conclude that the period of "three months after the death of the decedent" refers to the death of testatrix and not of the life tenant.

The statutory scheme appears to be that the discount of five percent is allowed where the inheritance tax is paid within three months after the death of decedent, and that the tax bears interest at the rate of six percent per annum if not paid at the end of one year from the death of decedent, except in the case of a remainder interest, in which case the tax is not payable, nor does interest begin to run thereon, until the remainderman comes into actual possession of the estate. It was within the province of the legislature to allow a discount in the latter case as well as in the former; but the failure of the legislature to provide for the latter case does not authorize this court to allow the discount. We are bound by the statute.

Accordingly, the court enters the following

### Decree

And now, to wit, March 1, 1951, an appeal from the inheritance tax appraisement having been filed in the above-captioned case and the matter having come on to

be heard by the court and oral argument and written briefs having been submitted to the court and after full and careful consideration thereon, it appearing to the court that the appeal cannot be sustained, it is ordered, adjudged and decreed as follows:

1. The appeal of William H. Turner, executor of the estate of Robert D. Caldwell, deceased, surviving trustee under the will of May D. Caldwell, deceased, from the appraisement of the property of May D. Caldwell, deceased, filed in the office of the register of wills on October 11, 1950, is hereby disallowed and dismissed.

2. The parties shall bear their respective costs.